UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
UNITED STATES OF AMERICA,

         Plaintiff,

-against-

JOSELITO VASQUEZ-GOMEZ,

         Defendant.
--------------------------------------------------------------- x

**ORDER AND OPINION FINDING JURISDICTION OVER VIOLATION OF SUPERVISED RELEASE PROCEEDINGS**

10 CR 397-01 (AKH)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/28/16

ALVIN K. HELLERSTEIN, U.S.D.J.:

  Defendant Joselito Vasquez-Gomez, having completed his term of custody pursuant to a criminal conviction and sentence, was transferred by the U.S. Bureau of Prisons ("BOP") to the custody of the U.S. Immigration and Customs Enforcement Agency ("ICE"), to be removed from the United States. Following his transfer, defendant refused to cooperate with ICE, thereby allegedly violating a condition of his supervised release. The question I address is if I, as the District Court judge who sentenced defendant, have jurisdiction to hear and determine defendant's alleged violation of a condition of his supervised release. Specifically, I address whether, in the circumstance of a direct transfer from BOP to ICE, supervised release commenced under 18 U.S.C. § 3624 (e). I hold that supervised release began, and that I have jurisdiction over the violation proceeding.

## Background

  Defendant was tried and convicted pursuant to a four-count indictment, alleging that he made false statements regarding his identity and that he used social security numbers assigned to others named Erick Ignacio Diaz Vasquez and Eric Francisco Diaz Vasquez to apply for a New

1

York State driver's permit and for a United States passport. At trial, the government relied on the applications submitted by defendant for a driver's permit and passports; a credit card the defendant possessed at the time of his arrest in the name "Erick Diaz," the testimony of one of the victims, Erick Ignacio Diaz Vasquez, the testimony of officers about the defendant's post-arrest statement, along with the defendant's written confession, and recorded prison telephone conversations in which the defendant made incriminating statements. *See* Government's Submission of November 20, 2015, at 2–3.

The defendant did not call any witnesses at trial, did not testify, and did not present any evidence. By its verdict of conviction, the jury rejected defendant's claim that he really was Eric Diaz Vasquez, a U.S. citizen. On Sept. 7, 2011, I sentenced defendant to 45 months imprisonment, followed by three years of supervised release. One condition of supervised release required defendant to cooperate with immigration authorities.

On August 1, 2013, the defendant completed his term of custody. He was transferred directly to the custody of the U.S. Immigrations and Customs Enforcement Agency ("ICE"). Pursuant to a Notice to Appear served on defendant while still in Bureau of Prisons ("BOP") custody, an immigration judge, on February 12, 2013, ordered defendant removed from the U.S. to the Dominican Republic. He appealed to the Board of Immigration Appeals, which ordered the Immigration judge to reexamine defendant's claim that he was a U.S. Citizen. On September 4, 2013, the Immigration Judge again ordered the defendant's removal.

On March 11, 2014, defendant filed a habeas petition in the Middle District of Pennsylvania, asserting that ICE lacked authority to detain him because he was a U.S. Citizen. Petition for Writ of Habeas Corpus, *Vasquez-Gomez v. Holder, et al.*, 14 Civ. 454 (MEM) (M.D. Pa. March 11, 2014). The case was dismissed for lack of jurisdiction on Dec. 23, 2014. Order

Dismissing Case, *Vasquez-Gomez v. Holder, et al.*, 14 Civ. 454 (MEM) (M.D. Pa. Dec. 23, 2014). The defendant then filed a new petition on August 24, 2015 in the Northern District of Alabama, alleging that ICE held him unlawfully, for he was a Puerto Rican born U.S. citizen, by the name Eric Diaz. The defendant remained in ICE custody until Dec. 7, 2015, when he was transferred back to the custody of the Bureau of Prisons in order to appear in connection with proceedings before me.

The government charges defendant with violating a special condition of his supervised release, mandating that he "obey the immigration laws and comply with the directives of immigration authorities." *Judgment,* at 4. The Specification provides that

> On and after August 1, 2013, the supervised release failed to obey the immigration laws and comply with the directives of immigration authorities, in that, Mr. Joselito Vazquez-Gomez refused to sign multiple immigration [*sic*] documents and refused to meet with members of the Consulate for the Dominican Republic.

*Violation Report*, at 4. Defendant also is charged with violating the special condition that he not commit federal, state or local crimes. *Id.* The Specifications provide that the defendant committed the federal crimes of making false statements under oath, under 18 U.S.C. § 1015(A) and (D), when he filed his habeas petitions using the name Eric Diaz, first in Pennsylvania, and later in Alabama. *Id.* at 2. Probation further alleges that the defendant committed the crime of aggravated identity theft in violation of 18 U.S.C. § 1028A(A)(1) in connection with the same filings, *id.*, and finally, that he committed the crime of false claims to be a U.S. citizen, in violation of 18 U.S.C. § 911. *Id; see, e.g., United States v. Chatelain*, 360 F.3d 114 (2d Cir. 2004) (specification is sufficient if it "clearly specif[ies] a statutory provision that the defendant's conduct is alleged to violate."). Defendant argues that the district court lacks

3

jurisdiction to hear the government's charges because, under 18 U.S.C. § 3624 (e), he has not been "released from imprisonment."

## Statutory Framework

The relevant statute is 18 U.S.C. § 3624, providing for release of prisoners from the custody of BOP to supervised release, supervised by probation officers of the district courts. Section 3624 (e) provides:

> (e) Supervision after release.--A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. The term of supervised release commences on the day the person is <u>released from imprisonment</u> and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release <u>does not run</u> during any period in which the person is <u>imprisoned in connection with a conviction</u> for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days. . . .

18 U.S.C. § 3624(e) (emphasis added).

## Analysis

The main question before me is whether supervised release began when the defendant was released from the Bureau of Prisons into ICE custody. The violation report initially submitted to this court by Probation asserts that, "although [the defendant] is still incarcerated in an immigration detention facility and has not been physically supervised, the releasee's term of supervision is active and therefore he is in violation of his term of supervised release." *Violation Report*, at 3. The defendant first argues that, by virtue of his immediate transfer into ICE detention, which took place on the same day that his term of incarceration by the federal Bureau of Prisons ended, he was not "released from imprisonment," as required by the Statute.

The Second Circuit has yet to directly address the question of whether supervised release begins when a defendant is released directly from prison to immigration detention. However,

4

when considering the closely related issue of whether supervised release runs during a defendant's period of exclusion from the country, the Court of Appeals ruled that the tolling provisions of the statute are to be limited to their express terms, and held that supervised release could not be tolled during the time a defendant was deported and out of the United States. *United States v. Balogun*, 146 F.3d 141, 146 (2d Cir. 1998). Thus, under *Balogun*, the prisoner's term of supervised release ran even while he lived outside of the United States pursuant to his ordered removal, even though he was not subject to a probation officer's supervision. And, thus, a district judge in the Eastern District of New York, in a case similar to the one before me, held that a petitioner's term of supervised release began when "he was released from the Connecticut prison, and ended one year later, notwithstanding his detention by INS during that period." *Abimbola v. United States*, No. 04 CV 1518 NG, 2005 WL 5067864, at *3 (E.D.N.Y. Apr. 15, 2005) (Nina Gershon, U.S.D.J.). The district judge reasoned that tolling the term of supervised release during a period of detention by immigration authorities would be "inconsistent with other statutory provisions," for example, the statute providing that deportation may be ordered by the Court as a condition of supervised release. *Id.*

The Fifth Circuit Court of Appeals held similarly. In a case, like ours, where the defendant was released by BOP from imprisonment directly to ICE detention, the court held that defendant's term of supervised release was not tolled by the administrative detention, and therefore ran even while the defendant was administratively detained by ICE. *United States v. Garcia-Rodriguez*, 640 F.3d 129, 133–34 (5th Cir. May 2, 2011). The Court of Appeals accepted that the statute might be ambiguous, but interpreted "imprisonment" to end upon a prisoner's release from BOP custody, even though the prisoner had been transferred from the custody of BOP directly into administrative detention by ICE. The Court of Appeals held that

the phrase in the second sentence of section 3624 (e), "released from imprisonment," meant release from BOP imprisonment, even though the prisoner had not physically been "released by [BOP] to the supervision of a probation officer." *Id.* at 132.

Defendant Vasquez-Gomez argues that under the third (last) sentence of Section 3624 (e) his administrative detention by ICE is a direct result of a Federal or state crime, and thus falls within the Statute's tolling provision. The statute's third sentence provides that supervised release "does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days . . ." The defendant argues that the reason for his having previously been removed from the United States, and the reason for his current administrative detention was a prior New York State conviction of a narcotics offense. Hence, he argues, he is "imprisoned in connection with" that conviction. Furthermore, he argues, his administrative detention is an outgrowth of his more recent federal conviction, and the three-year sentence of custody consequent to that conviction.

Defendant's arguments are without merit. Defendant is being administratively detained because he is now subject to removal proceedings. The reason for the proceedings, whether the prior state conviction, or the more recent federal conviction, is not now in question. Defendant is being administratively detained, not "in connection with" those prior convictions, but because of U.S. laws providing for his removal.

The parties also addressed the issue of whether I should abstain from hearing evidence related to the violation specifications, while the habeas petition filed by the defendant was still pending in the Northern District of Alabama. The petition was denied, upon the defendant's transfer to this District, on January 19, 2016, and the argument is now moot. *See* Order of

Dismissal, *Diaz v. Entrekin, et al.*, 15 Civ. 1455 (RDP) (JEO), ECF No. 12 (N.D. Ala. Jan. 19, 2016).

Accordingly, for the reasons stated, I hold that defendant's term of supervised release has commenced, and that defendant is subject to the conditions of supervised released imposed when I sentenced him. That will be the next step in the proceedings before me.

## Conclusion

Defendant's objections to the VOSR proceedings in this court are over-ruled. I will take defendant's plea to the charges on February 5, 2016, at 11:30 AM, and then fix a date for an evidentiary hearing, or such proceedings as may be appropriate. The appointed representation of defendant by Mary Mulligan, Esq. and Friedman Kaplan Seiler & Adelman LLP shall be continued.

SO ORDERED.

Dated: Jan. 25, 2016
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge